Per Curiam.

It seems to us now, as it seemed to us when the case was first here, that the defendant was tried and convicted solely for the ‘ ‘ deliberate act of burning an American flag in public as a ‘ protest ’ ” (20 N Y 2d 231, 234). It was our view—as we believed it to be the trial court’s — that the words uttered by the defendant were set forth in the information and *1028 proved upon the trial only to reflect the intention with which he committed the act. The Supreme Court, however, has read the record differently. It found the evidence “ insufficient to eliminate the possibility either that [defendant’s] words were the sole basis of his conviction or that [he] was convicted for both his words and his deed.” (Street v. New York, 394 U. S. 576, 590.)
Since, as the Supreme Court decided (p. 590), a State may not ‘ ‘ constitutionally inflict criminal punishment upon one who ventures ‘ publicly [to] defy * * * or cast contempt upon [any American flag] by words ’ ”, a person may be adjudged guilty of a violation of section 1425 (subd. 16, par. d), of our former Penal Law (now General Business Law, § 136) only if he is found to have publicly mutilated, defaced or defiled an American flag “ by act.”[1] The conviction must, therefore, be reversed and a new trial held in which the defendant will be tried solely for his act of burning the flag.
Motion to amend the remittitur to conform to the mandate of the Supreme Court of the United States granted, the judgment reversed and a new trial ordered.

. This, of course, requires us to read the “ words ” clause out of the statute and to construe it to cover only the “ act ” of flag burning.